# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4936 | **DATE** | 12/19/2000 |
| **CASE TITLE** | YVONNE WATTERS vs. THOMAS R. NIGRO, et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   The motion to dismiss [10-1] is granted.  This action is dismissed for lack of jurisdiction.  ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC 2 2 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 16 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12/19/2000 | |
| SB | courtroom deputy's initials | 00 DEC 21 PM 7: 30 | date mailed notice | |
| | | | jad | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YVONNE WATTERS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 00 C 4936 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| THOMAS R. NIGRO and DIMINO & NIGRO, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED

DEC 2 2 2000

## MEMORANDUM OPINION AND ORDER

Yvonne Watters sues Thomas R. Nigro and his law firm of Dimino & Nigro (collectively "the Nigro firm") for negligent legal representation. The Nigro firm moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## BACKGROUND

The facts are taken from Watters' complaint. *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996). On January 19, 1996, Watters hired the Nigro firm to represent her with respect to the sale of her check cashing business. Compl., ¶ 3. Watters had entered into a written agreement with Check Cashiers, Inc. to sell her business for $150,000. *Id.* at ¶ 5. When Check Cashiers took over Watters' business, it refused to pay the purchase price because she failed to file transfer documents required by California law. *Id.* at ¶ 6. Watters hired Nigro to give her legal advice. *Id.* at ¶ 7.

After reviewing the purchase and sale agreement and speaking with Check Cashiers, Nigro advised Watters to file a lawsuit against Check Cashiers for the purchase price, as well as for fraud and punitive damages. *Id.* at ¶ 8. On January 19, 1996, Nigro filed a complaint in California state court against Check Cashiers. *Id.* at ¶ 11. Check Cashiers offered to settle Watters' claims for $125,000,

/6

plus $40,000 in debt. *Id.* at ¶ 14. Nigro advised Watters not to accept the settlement offer, because he believed Check Cashiers would pay $150,000 plus additional money. *Id.* at ¶ 15. He reasoned that the fraud claim would force Check Cashiers to disclose proprietary financial information that would damage its competitive advantage, making settlement more attractive than disclosure. *Id.* Watters declined the settlement offer.

The purchase agreement contained a forum selection clause that provided litigation stemming from the contract must be filed in Cook County, Illinois. *Id.* at ¶ 13. Check Cashiers moved to dismiss the California complaint based on the forum selection clause. *Id.* at ¶ 16. Nigro advised Watters that the clause was not binding. *Id.* at ¶ 20. After a year of litigation and $11,000 in legal expenses, the California complaint was dismissed because the suit was not filed in the correct forum. *Id.* at ¶ 16.

On February 3, 1997, Nigro filed a complaint in this court, again alleging fraud and punitive damages. *Id.* at ¶ 26. The complaint was dismissed. *Id.* at ¶ 30. During the entire litigation, Nigro was aware there were no facts to support the claims of fraud and punitive damages. *Id.* at ¶ 31. He pursued the claims solely because he believed it would force Check Cashiers to settle for a higher amount for fear of disclosing proprietary information. *Id.* at ¶ 33. After the claims were dismissed with prejudice, the Nigro firm withdrew from the case. *Id.* at ¶ 39. On April 27, 1998, Watters settled with Check Cashiers for $100,000 and approximately $50,000 in discharged debt. *Id.* at ¶ 41.

On January 7, 1998, the Nigro firm sent a lien for attorney's fees to Watters and Check Cashiers pursuant to the Illinois Attorney's Lien Act. *Id.* at ¶ 40. On August 19, 1998, this court adopted Magistrate Judge Rosemond's recommendation to dismiss the lien because it was not properly perfected under Illinois law. *Id.* at ¶ 42. The Seventh Circuit affirmed. *Watters v. Check Cashiers*, No. 98-3636 (7th Cir. 2000).

On June 19, 1998, the Nigro firm filed a claim for attorneys' fees and costs, plus interest, in a California court. Summary judgment was entered on the Nigro firm's behalf and against Watters in the amount of $44,524.64 plus interest. Def. Motion, Ex. G. [*Dimino & Nigro v. Watters*, Case No. 795741 (Super. Ct. Cal. 1999)].

On August 11, 2000, Watters filed this complaint alleging negligent legal representation. She seeks $42,291.00 in damages for fees she paid to the Nigro firm. She also seeks $5,000 in legal fees that were necessary to pay counsel to evaluate her case after the Nigro firm withdrew. She requests $22,500 in interest that would have accrued had she sold her business prior to litigation. Finally, she seeks $9,000 for increased debt to creditors that resulted from the delay due to litigation.

## DISCUSSION

**I    Legal standard**

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Therefore, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. *Zimmerman v. Burch*, 494 U.S. 113, 118 (1990). The court will dismiss a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Colfax Corp. v. Ill. State Highway Auth.*, 79 F.3d 631, 632 (7th Cir. 1996).

**II    Subject matter jurisdiction**

Watters asserts this court has diversity jurisdiction over this matter. In order to exercise diversity jurisdiction: the parties must be citizens of different states, and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The Nigro firm argues the damages claimed do not meet the jurisdictional limit. Where the jurisdiction of the court is challenged,

3

the party invoking federal jurisdiction bears the burden of demonstrating that its jurisdictional

allegations are supported by competent proof. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

However, it must appear to a legal certainty that the claims are actually less than the jurisdictional

amount to justify dismissal. *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89

(1938).

Though Watters claims $78,500 in actual damages, the Nigro firm argues that for jurisdictional

purposes damages may not include $42,291 in legal fees and costs to the firm, $22,500 in interest, and

$5,000 in attorneys fees to evaluate the case after the Nigro firm withdrew. If any of these damages

are not properly considered for purposes of the $75,000 jurisdictional requirement of § 1332, then this

court may not exercise subject matter jurisdiction.

## 1    Fees and costs to the Nigro firm

Watters seeks "$42,291.00 in litigation expenses to Dimino & Nigro." Compl., ¶ 63. In

essence, Watters is attempting to recover the fees she paid to satisfy the California judgment. The

Nigro firm argues this court is bound by the California judgment and thus Watters may not claim these

legal fees as damages.

Both parties argue this issue under principles of full faith and credit, preclusion, and compulsory

counterclaims. It is not necessary to resolve these issues. Watters' claim for recovery of fees already

adjudicated in the California state action is barred by the *Rooker-Feldman* doctrine.[1]

> In order to determine the applicability of the Rooker-Feldman doctrine, the fundamental
> and appropriate question to ask is whether the injury alleged by the federal plaintiff
> resulted from the state court judgment itself or is distinct from the judgment. If the

---

[1]*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (federal district
courts lack subject matter jurisdiction to review state court rulings).

> injury alleged resulted from the state court judgment itself, Rooker-Feldman directs that
> the lower federal courts lack jurisdiction.

*Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996). Watters seeks damages because she "incurred

and became liable for $42,291.00 in litigation expenses to Dimino & Nigro." Compl., ¶ 63. She

became liable for these fees as a result of the California court's judgment. Because the injury alleged

resulted from the California state court judgment, this court lacks jurisdiction over the claim. *Id.*

This court does not have appellate jurisdiction over the civil judgment of a California court.

Even if the claim was not barred by the *Rooker-Feldman* doctrine, it would be barred by

principles of full faith and credit and preclusion. The Full Faith and Credit Act provides that the

judicial proceedings of any state "shall have the same full faith and credit in every court within the

United States and its Territories and Possessions as they have by law or usage in the courts of such

State." 28 U.S.C. § 1738. Under the Act, all courts must "treat a state court judgment with the same

respect that it would receive in the courts of the rendering state." *Matsushita Elec. Indus. Co. v.*

*Epstein*, 516 U.S. 367, 373 (1996). Under California law, the failure to file a defense or a

compulsory counterclaim in a responsive pleading constitutes a waiver of that defense or

counterclaim. Cal. Code of Civ. P. § 426.30. Watters failed to file her present claim as a defense or

counterclaim before the California court. Her present claim is therefore waived under California law.

This court must treat the California judgment with the same respect the judgment would receive in

the courts of California. *Matsushita*, 516 U.S. at 373. Watters would not be able to file the present

claim for legal fees in California. Accordingly, the claim is foreclosed in this forum.

Watters argues Cal. Code of Civ. P. § 426.30 only precludes her from bringing suit in

California. She argues her claim is a counterclaim, Illinois does not have a compulsory counterclaim

statute, and Illinois procedural law governs this action. This argument ignores the Seventh Circuit's

directive we must look to California law to determine the preclusive effect of a California judgment.

*E.B. Harper & Co.*, 104 F.3d at 921. The effect of the California judgment is to preclude Watters

from bringing a defense or counterclaim that could have been brought in the California action.

Because Watters' claim for legal fees may not properly be included in the jurisdictional

damages minimum, Watters has failed to meet the $75,000 amount in controversy requirement. As

a result, this court lacks subject matter jurisdiction.

**2      Lost interest from sale of business**

Even if the $42,921 in legal fees and costs were included in the amount in controversy,

Watters fails to meet the $75,000 damages requirement. She seeks $22,500 in interest to compensate

her for delayed receipt of proceeds from the sale of her business to Check Cashiers. Compl., ¶ 63.

The $75,000 damages requirement must be met "exclusive of interest." 28 U.S.C. § 1332. "Interest"

is a sum that becomes due because of delay in payment. *Principal Mutual Life Ins. Co. v. Juntunen*,

838 F.2d 942, 943 (7th Cir. 1988). The fact Watters characterizes interest as "damages" is of no avail.

*Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 473 (1st Cir. 1979). Interest may not be included in the

amount in controversy.

Watters argues prejudgment interest may be included in some cases. *Cincinnati Ins. Co. v.

Star Fin. Co.*, 35 F.3d 1186, 1188 (7th Cir. 1994); *Sarnoff v. Am. Home Prod.*, 798 F.2d 1075, 1078

(7th Cir. 1986). This is correct. However, Watters fails to show that her case falls within this

exception. The seminal case in this area is *Brown v. Webster*, 156 U.S. 328 (1895). *Brown* draws

the distinction between "interest as such," which should be excluded from the jurisdictional amount

computation, and "the use of an interest calculation as an instrumentality in arriving at the amount

of damages to be awarded on the principal demand." *Id.* at 329. The Court ruled that because the recovery prayed for was "the sum of the damage resulting from eviction," rather than simply the price paid on the interest, the interest sought could indeed be tacked on to the price paid to constitute the necessary jurisdictional amount. *Id.* at 329-30. Watters claims interest on the price that would have been paid for the sale of her business, or "interest as such." Therefore, interest must be excluded from the computation of the jurisdictional amount. *Id.*; *Hornsby v. Hornsby's Stores, Inc.*, 763 F.Supp. 958, 960 (N.D.Ill. 1991).

Watters also characterizes interest as a lost opportunity or loss. Resp. Br., 4. No matter how Watters characterizes the damages sought, interest may not be included in the jurisdictional amount. "It makes no difference whether the interest which is sought accumulated upon the principal obligation sued upon because of contract, or by common law, or by statute, or whether the interest be termed a penalty or damages, so long as it is an incident arising solely by virtue of a delay in payment." *Velez*, 599 F.2d at 473. Watters' claim is "the cost of not having the use of the proceeds of a transaction [sic]." Resp. Br., 4. This claim arises solely by virtue of a delay in the receipt of payment for her business. Therefore, Watters fails to meet the $75,000 amount in controversy requirement on this basis as well.

## CONCLUSION

The motion to dismiss is granted for lack of jurisdiction. The alternative grounds for dismissal are moot.

7

ENTER:

Suzanne B. Conlon
United States District Judge

December 19, 2000

8